No. 42,952

State of Kansas, ex rel. Robert J. Foster, County Attorney of Wyandotte County, Kansas, *Appellant*, v. The City of Kansas City, Kansas, a Municipal Corporation, Paul F. Mitchum, Mayor Commissioner; Earl B. Swarner, Commissioner of Finance, Health and Public Property; Joseph P. Regan, Commissioner of Boulevards, Parks and Streets; The Board of Education of the City of Kansas City of the State of Kansas, a Body Corporate and Politic, and Ralph A. Fulton, Grant Barcus, Dr. Lee C. Berns, Roy A. Edwards, Ralph E. Evans, and Joe H. Vaughan, Members of Said Board of Education of The City of Kansas City of The State of Kansas, and Hewert C. Gray, Treasurer, and Lewis H. Brotherson, Business Manager and Clerk of said Board of Education, *Appellees*.

(371 P. 2d 161)

Opinion filed May 5, 1962.

*Robert J. Foster,* County Attorney, argued the cause and was on the brief for the appellant.

*Thomas M. Van Cleave, Jr.,* and *Robert Foerschler,* both of Kansas City, argued the cause, and *C. W. Brenneisen, Jr.,* City Attorney, was with them on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action in the nature of quo warranto brought by the state on the relation of the county attorney of Wyandotte county against the city of Kansas City and the board of education of such city to test the power of the city and board to contract for the use by the board of a tract of land dedicated to the city for public or park purposes. Injunctive relief was sought.

The state appeals from an order sustaining separate demurrers of the city and board to the petition.

The historical background of this matter appears to be quite confusing, but from the petition it appears that in 1859 a certain described tract of land known as "Huron Place" was dedicated by the owners thereof for public purposes. Included therein was a portion designated as "Seminary Place." From and after approximately 1867 the board entered into possession and enjoyment of the tract described as Seminary Place, used the same for school purposes, said use continuing to this date. From and after 1902 the board has maintained a public library building on the Seminary Place tract and has housed its administrative offices in a portion of such building. In 1958 the board desired to construct a new library building, and in furtherance of such project proposed a bond issue to finance such program. This bond issue was approved by the voters.

The petition continues:

"10. On or about August 7, 1961, pursuant to negotiations with the defendant City of Kansas City, Kansas, it was resolved by the defendant Board of Education to contract with the said city for the use of a portion of the tract described as 'Huron Place', more commonly known as Huron Park, exclusive, however, of that tract described as 'Seminary Place', as the site for the erection of the aforesaid library building, and to contract to said city in return for such use, possession and enjoyment of that portion of said 'Huron Place', to allow said city to appropriate for park purposes those portions of 'Seminary Place' which would not under the proposed construction be used as a site for said library building. On or about September 7, 1961, by the purported authority of both the defendant Board of Education of Kansas City of the State of Kansas and the Board of City Commissioners of the defendant City of Kansas City, Kansas, the latter by resolution adopted on September 7, 1961, such a contract was entered into, and a copy of said contract is marked Exhibit B and attached and made a part hereof.

"11. In said contract, among other things, the defendant, Board of Education, agreed to erect and maintain a public library building in a portion of said 'Huron Place', to remove and reset the flag pole and memorial stone in another area of Huron Park, to remove and replant grass, trees, shrubbery, sidewalks, and steps in Huron Park, to construct and maintain a parking area in a portion of Seminary Place and Huron Park and on Minnesota Avenue adjacent to the proposed new library building, to allow the defendant, City of Kansas City, Kansas, to exercise exclusive control over those portions of Seminary Place not included in the portion of Huron Park described in said contract, and to use the funds obtained by said Board of Education from the sale of the aforesaid 'Building Bonds Series of 1960' to pay for the above work.

"12. In said contract the defendant, City of Kansas City, Kansas, and the defendant Board of Education, agreed to allow the latter to occupy, alter, and control the described portion of 'Huron Park', so long as the Board of

Education maintained a public library thereon, for the aforesaid purposes, thus violating the rights and interests of the original dedicators of that tract, the general public, and the adjacent landowners to and in the preservation of such tract for park purposes and therefore does or attempts or agrees to do acts which it is without any lawful authority to do.

"13. In obligating funds appropriated for school purposes as aforesaid to the erection, and maintenance of a public library building and adjacent grounds on land dedicated solely to park purposes as aforesaid, and entering upon, altering, and occupying, such land without lawful authority and allowing the defendant City to occupy and use for park purposes portions of Seminary Place, heretofore dedicated for school purposes, the defendant Board of Education does, or attempts or agrees to do acts which it is likewise without lawful authority to do.

"14. The aforesaid defendants, in entering into the alleged contract, purport to be acting by authority of Kansas G. S. 1949, as amended, 1959 Supp., Sec. 12-1736, in cooperating to construct and equip said library building, but this statute or any other enactment of the Kansas Legislature, does not and cannot lawfully authorize the defendants to appropriate to a use other than that intended by the donor the lands variously dedicated as aforesaid as 'Seminary Place' and 'Huron Place', or 'Huron Park'."

The prayer of the petition seeks to enjoin the board from occupying and using any portion of Huron Place or Huron Park, and the city from any acts or attempts to permit the board to do the same, and to enjoin the city from using for park purposes any portion of Seminary Place previously dedicated for school purposes.

The contract between the city and the board referred to as "Exhibit B," and attached to the petition, need not be set out.

The board demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action for the following reasons:

"1. The plaintiff's allegation that this defendant will occupy and use Huron Place without lawful authority is not one of fact but is an erroneous conclusion of law.

"2. Those portions of Seminary Place which the defendant City of Kansas City, Kansas, is licensed to occupy and use for park purposes pursuant to the alleged contract are shown to be adapted to public purposes by the defendant, Board of Education, which usage the said contract does not purport to alter to the deteriment of the public."

The city demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action for the following reasons:

"1. The use of Huron Place by the defendant, Board of Education for the site of a public library building does not violate the presumed intent of the dedicators of Huron Place or the rights of the public as it will remain public

grounds during all such use and will revert to the City of Kansas City if and when such usage ceases, in accordance with the contract alleged in the petition.

"2. Now and during all such usage, Huron Park or Place is and will remain devoted to park purposes within the purview of the laws of Kansas.

"3. The alleged contract and the performance thereof by the defendant, City of Kansas City, Kansas, or the defendant Board of Education, is authorized by G. S. Kans. 1949, Sec. 12-1736, as amended."

Each of these demurrers was sustained and the state has appealed.

A controversy concerning use of the tract of land here involved was before this court in *Board of Education v. Kansas City*, 62 Kan. 374, 63 Pac. 600. In that case the city brought an action against the board to enjoin the erection of a school building upon what the city claimed to be ground dedicated to public park purposes—but which the board claimed to be ground dedicated to it for school purposes. The board prayed for affirmative relief quieting its title to the disputed tract. The trial court rendered judgment for plaintiff city, denied the affirmative relief sought by defendant board, and enjoined the erection of the school building. The board appealed.

In reversing the judgment and directing the trial court to refuse the injunction restraining the erection of the school building on the tract designated as Seminary Place, it was held:

"1. A tract of ground belonging to a town-site company, designated as 'Seminary Place' on a plat of the town site filed by such company, and on which plat is indorsed a memorandum made by the company stating that the square of ground of which 'Seminary Place' forms a portion has been set apart as 'public grounds,' will be presumed, in the absence of sufficient contrary evidence, to have been dedicated by the company to public-school purposes.

"2. In a case as above stated, the right of the public to the use of the dedicated ground for school purposes cannot be strengthened by a resolution of the council of the city in which the ground is situated authorizing its use for such purposes; nor can such city council lawfully devote to school purposes ground which had been dedicated by the original owner to other public purposes." (syl.)

Reference is made to the opinion for a statement of the factual background of the matter, and the decision is authority for the proposition that the dedication sufficiently evidenced an irrevocable dedication of that portion of Huron Place known as Seminary Place for seminary purposes; that the dedication for seminary purposes meant for public school purposes; that a dedication to such purposes of a particular portion of such general tract was intended for the one specific public purpose, and that the donors' grant could not rightfully be diverted to uses other than those designated by them.

In their joint brief the city and board contend:

"Therefore, the appellees urge that the execution and performance of the contract in question is well within the discretionary powers of both agencies. The dedication of 'Huron Place' as public ground was restricted only to the extent that a school should not be built other than on that portion dedicated as 'Seminary Place' and no school is sought to be built here, but a different public facility otherwise fully authorized by statute. Such use of 'Huron Place' is not misuse and no usurpation of authority or violation of trust is therefore involved. The appellees' demurrers were properly sustained."

In its brief the state counters with:

" 'Huron Place' was dedicated to the City of Kansas City, Kansas, for use as a park. That City now attempts to contract for the use of a portion of that park by the Board of Education of the City of Kansas City of the State of Kansas as a site for a public library building, with space for the administrative offices of that Board. The donees [sic] of 'Huron Place' made other provisions for such purposes by dedicating 'Seminary Place' for school purposes. Therefore, use of 'Huron Place' for school or related purposes is a diversion that should be enjoined."

Notwithstanding the contentions of the parties we must, for purposes of the demurrers, take the allegations of the petition as true and at their face value.

In paragraph 10 thereof, above, it is, among other things, alleged that the board intends to allow the city to appropriate for park purposes that portion of Seminary Place which would not, under the proposed construction, be used as a site for the library building. In paragraph 11 thereof, above, it is, among other things, alleged that the board has agreed to construct and maintain a parking area in a portion of Seminary Place.

Under the authority and rule of the above cited case we believe that under the dedication in question Seminary Place is to be used only for school purposes, and that land dedicated to other public purposes may not be devoted to school purposes. The petition alleges a proposed use of a portion of that tract known as Seminary Place for purposes other than school purposes. We believe, therefore, a cause of action is stated and that the demurrers were erroneously sustained. The judgment is therefore reversed.